WILLIAMS, Judge.
The issue is whether the rental participation benefit clause in the rental agreement between Gertrude Fassman Lear and Conoco, Inc. (formerly Continental Oil Company) applies to subleases entered into by Conoco’s sublessee. The trial court found that the clause applies to both Conoco and its sublessee, Glen Elrod, and held both defendants liable in solido for $11,560.00. We affirm.
FACTS
Mrs. Gertrude Fassman Lear and Conoco Inc. entered into a Lease Agreement (“primary lease”) dated July 11,1976 covering a parcel of real property in Jefferson Parish, Louisiana. The term of the primary lease was from August 1, 1976 through July 31, 1981, with an option for extension through July 31, 1986. Conoco timely exercised its option to extend the lease. Conoco was obligated to pay $800.00 a month rent under the extended lease.
Paragraph 12 of the primary lease grants to Lessee the right to sublease without Lessor’s permission, “provided, however, that in the event that this lease is assigned or the premises sublet Lessee shall remain responsible to Lessor for the rentals and other obligations of Lessee herein undertaken.”
Conoco subleased the property to Glen Elrod d/b/a Celebrity Motors, Inc., at the rate of $1,000.00 per month. The term of the sublease was March 1, 1985 through the expiration of the primary lease, July 31, 1986. The sublease agreement required the sublessee obtain written permission from Conoco to sublease to another party.
Elrod subsequently subleased to Toyota of Jefferson. Conoco consented to the second sublease (to Toyota) on the condition that Elrod prepay the balance due on the first sublease agreement, $14,000.00. The term of Toyota’s sublease was from August 21, 1985 through July 31, 1986, for a total rent of $33,000.00.
Subsequent to the termination of the extended lease, Mrs. Lear sued Conoco and Elrod to enforce the rental participation clause: The matter was submitted on stipulations and the record. The court found that both defendants were in fact bound by the rental participation clause and adopted the plaintiff’s findings of fact and conclusions. The court rendered judgment in favor of plaintiff and against both defendants in solido for $11,560.00, with legal interest, and for all costs of the proceed *1148 ings and attorney fees in the sum of $5,000.00. Conoco appeals. We affirm.
Citing LSA-C.C. Art. 2046, Conoco, Inc. argues that the relevant words of the contract with Mrs. Lear are clear and explicit so that no further inquiry into the parties’ intent is necessary.[1] The clause in dispute provides:
12. Lessor hereby grants to Lessee the right to assign this lease or to sublet the premises without Lessor’s permission provided, however, that in the event that this lease is assigned or the premises sublet Lessee shall remain responsible to Lessor for the rentals and other obligations of Lessee herein undertaken.
In the event that Lessee does elect to assign or sublet its interest to another party, other than to a subsidiary of Lessee of which Lessee owns a seventy-five percent (75%) or greater interest, Lessor will receive a participation benefit as follows:
a. In the event the Lessee enters into a sublessee arangement the Lessor’s rental participation benefit will be fifty percent (50%) of the rental received from the Sublessee which is over twenty percent (20%) above Lessee’s rental obligation in force at the time of subletting.
We find Paragraph 12 of the primary lease supports the trial court judgment. The contract specifically provides that in the event the premises are sublet, “Lessee shall remain responsible to Lessor for the rentals and other obligations of Lessee herein undertaken.” The clause was clearly intended to allow Mrs. Lear to share the benefit of a rise in the rental value of her property. Although a sub-sublease is not specifically addressed, we must assume under LSA-C.C. Art. 2054 that the parties intended this clause apply to such a situation:
“When the parties made no provision for a particular situation, it must be assumed that they intended to bind themselves not only to the express provisions of the contract, but also to whatever law, equity, or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purpose.”
A further sublease by Conoco’s sublessor, Glenn Elrod, cannot deprive Mrs. Lear of the benefits of her contract with Conoco.[2] Mrs. Lear’s right to the rental participation benefit is an obligation for which Conoco remained responsible in the event of a sublease.[3]
We find no error in the trial court, judgment. The judgment is affirmed.
AFFIRMED.
“This instrument is a sublease and subject to all the terms and conditions of that certain (primary) lease dated July 11, 1976 between Continental Oil Company (now Conoco) as Lessee, and Mrs. Gertrude Fassman Lear ...”

. LSA-C.C. Art. 2046 provides:
"When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent.”

. We note that this second sublease was entered into with the express permission of Conoco and that Conoco protected its own interest by requiring Elrod to prepay its entire rental obligation of $14,000.00.

.We also note, as the trial court found, that through the sublease agreement with Conoco, Elrod expressly adopted the condition of the primary lease specifying Mrs. Lear's right to the rental participation benefit: